1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LONI NICOLE GRANGER, CASEY
MICHAEL GRANGER,

Plaintiff,

v.

LAUREN KING, JAMAL WHITEHEAD,

Defendant.

CASE NO. 25-cv-00997-JHC

ORDER

This matter comes before the Court sua sponte.  Plaintiffs allege two judges in this

District have engaged in a pattern of racketeering activity and seek money damages.  Dkt. # 1-1.

On May 28, 2025, the Court ordered Plaintiffs to show cause within seven days why this action

should not be dismissed with prejudice due to judicial immunity.  Dkt. # 5.  The Court has

considered and thoroughly reviewed all materials submitted by Plaintiffs, including the

information submitted directly to chambers and after the Order to Show Cause deadline.  *See*

Dkt. ## 2, 3, 6, 9.  Being fully advised, for the reasons below, the Court DISMISSES this matter

with prejudice.

ORDER - 1

1    A complaint filed by any party that seeks to proceed IFP under 28 U.S.C. § 1915(a) is

2    subject to screening, and a court must dismiss a complaint that is frivolous, malicious, fails to

3    state a claim, or seeks damages from defendants that are immune from such relief.  28 U.S.C. §

4    1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  Every

5    complaint must include "a short and plain statement of the claim showing that the pleader is

6    entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff does not need to provide detailed factual

7    allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

9    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Still, where the plaintiff is pro se, courts

10    "construe the pleadings liberally and afford the petitioner the benefit of any doubt."  *Hebbe v.*

11    *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n.1 (9th

12    Cir. 1985) (en banc)).

13    Judicial immunity is overcome only in two circumstances: (1) "a judge is not immune

14    from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity" and

15    (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence

16    of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

17    Plaintiffs do demonstrate that either circumstance is present here.  Although Plaintiffs

18    say, "Judge Whitehead dismissed Plaintiffs' Bivens claim under judicial immunity" and

19    "[j]udicial immunity does not apply to personal-capacity actions," these statements are

20    contradictory.  Dkt. # 9 at 7.  Judge Whitehead's dismissal of a claim is a function normally

21    performed by a judge, so it is a judicial action—not a personal action.  *See Mireles*, 502 U.S. at

22    12.  In addition, Plaintiffs claim that Judge Whitehead's dismissal "included discriminatory

23    language" that "violates the principles of judicial impartiality."  Dkt. # 9 at 7–8.  Even if Judge

24    Whitehead's order includes discriminatory language, judicial immunity still exists because

ORDER - 2

judicial immunity extends to judicial actions "done maliciously[.]" *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Thus, Judge Whitehead is afforded judicial immunity for dismissing Plaintiffs' *Bivens* claim.

The only reference Plaintiffs make to Judge King is to attach two of her orders dismissing their prior complaints.  Dkt. # 3.  Again, dismissing a complaint is a function normally performed by a judge so it is a judicial action and Judge King is afforded judicial immunity for this decision.  Plaintiffs likewise do not argue—nor is it apparent—that Judge King or Whitehead acted in the complete absence of jurisdiction, so judicial immunity is not overcome for this reason either.

Plaintiffs have every right to disagree with the rulings made by Judges King and Whitehead, and they can appeal these decisions to the Ninth Circuit.  But they cannot pursue the claims in their complaint due to the doctrine of judicial immunity.  Thus, the Court DISMISSES this matter with prejudice.  Dkt. # 1.  The Court STRIKES the pending motions in this matter as moot.  Dkt. ## 1, 2, 3, 6.

Dated this 5th day of June, 2025.

_____
John H. Chun
United States District Judge

ORDER - 3